IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCELINO SANDOVAL,

    Plaintiff,

     v.                                                                                                 No. CIV 11-0938 JB/ACT

D.O.C.
LUPE MARTINEZ,
G.E.O. GROUP INC.
SENIOR WARDEN E. BRAVO,[1]

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, sua sponte under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 20, 2011 (Doc. 1)("Complaint"). Plaintiff Marcelino Sandoval is incarcerated, appears pro se, and is proceeding in forma pauperis. Because some of Sandoval's claims lack a sound basis in the applicable law and facts, the Court will dismiss certain of Sandoval's claims.

---

[1] The caption of the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 20, 2011 (Doc. 1), appears to identify two entity Defendants, D.O.C. and G.E.O. Group Inc., and two individual Defendants, and the Court's docket contains all four of these names. The "Jurisdiction" section of the Complaint, however, identifies only the two individual Defendants from the caption. The Court construes the caption of the Complaint as naming two Defendants: D.O.C. (Secretary) Lupe Martinez and GEO Group Inc. Senior Warden E. Bravo. Alternatively, assuming Sandoval intended to bring a claim against D.O.C. and/or G.E.O. Group, his pleadings contain no allegations asserting that they engaged in any wrongdoing, and the Court should, thus, dismiss Sandoval's claims against them under rule 12(b)(6) of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1915(e)(2); Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).
    The third page of the Complaint identifies four additional individual Defendants: Deputy Warden R. Ullibarri, S. Gallegos, D. Garnano, and Chaplain K. Opatz. In this Order the Court treats the four additional individuals as named Defendants.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under 28 U.S.C. § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2).  The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing Sandoval's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Sandoval, a practicing Muslim, alleges in his Complaint that "I was removed from my religious diet Kosher/Halal" by prison officials.  Complaint at 2.  The Complaint raises two claims for violation of Sandoval's rights under the First and Fourteenth Amendments.  For relief, the Complaint seeks damages and an injunction.

Sandoval makes factual allegations against only Defendants Chaplain K. Opatz and S. Gallegos.  The Complaint thus contains no allegations against Defendants Lupe Martinez, E. Bravo, R. Ullibarri, and D. Garnano affirmatively linking them to the asserted violations.  See Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993).  Under rule 12(b)(6) standards, a plaintiff has an obligation to "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against" all the alleged bad actors.  Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008)(emphasis in original).   Additionally, to succeed on a complaint under

§ 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation. See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). Sandoval may not base his civil rights claims against state officials solely on a theory of respondeat superior liability for the actions of workers that the officials supervise. See Mitchell v. Maynard, 80 F.3d at 1441. Because Sandoval makes no allegations against Martinez, Bravo, Ullibarri, and Garnano, the Court will dismiss his claims against these Defendants.

**IT IS ORDERED** that: (i) the Clerk is directed to add Defendants Deputy Warden R. Ullibarri, S. Gallegos, D. Garnano, and Chaplain K. Opatz to the docket as named Defendants; (ii) Sandoval's claims against Defendants Lupe Martinez, E. Bravo, R. Ullibarri, and Garnano are dismissed; Martinez, Bravo, Ullibarri, and Garnano are dismissed as parties to this action; and (iii) the Clerk is directed to issue notice and waiver of service forms, with copies of the Complaint and this Order, for Opatz and Gallegos.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Marcelino Sandoval
Guadalupe County Correctional Facility
Santa Rosa, New Mexico