IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCELINO SANDOVAL,

    Plaintiff,

    v.                                                         No. CIV 11-0938 JB/ACT

D.O.C.
LUPE MARTINEZ,
G.E.O. GROUP INC.
SENIOR WARDEN E. BRAVO,[1]

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Reconsider Parties to This Action, filed on April 19, 2012 (Doc. 16). The Court has not entered a final order in this case. As a result, "[Sandoval's] motion to reconsider the district court's non-final order 'was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.'" Guttman v. New Mexico, 325 F. App'x 687, 690 (10th Cir. 2009) (quoting Wagoner v. Wagoner, 938 F.2d 1120, 1122 n.1 (10th

---

[1] The caption of the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 20, 2011 (Doc. 1), appears to identify two entity Defendants, D.O.C. and G.E.O. Group Inc., and two individual Defendants, and the Court's docket contains all four of these names. The "Jurisdiction" section of the Complaint, however, identifies only the two individual Defendants from the caption. The Court construes the caption of the Complaint as naming two Defendants: D.O.C. (Secretary) Lupe Martinez and GEO Group Inc. Senior Warden E. Bravo. Alternatively, assuming Sandoval intended to bring a claim against D.O.C. and/or G.E.O. Group, his pleadings contain no allegations asserting that they engaged in any wrongdoing, and the Court should, thus, dismiss Sandoval's claims against them under rule 12(b)(6) of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1915(e)(2); Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).

    The third page of the Complaint identifies four additional individual Defendants: Deputy Warden R. Ullibarri, S. Gallegos, D. Garnano, and Chaplain K. Opatz. In this Order the Court treats the four additional individuals as named Defendants.

Cir.1991)).  The Court will deny the motion.  Also before the Court is the matter of service of the remaining Defendants.

Plaintiff Marcelino Sandoval, a practicing Muslim, alleges in his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 20, 2011 (Doc. 1)("Complaint"), that "I was removed from my religious diet Kosher/Halal" by prison officials.  The Complaint asserts two claims for violation of Sandoval's rights under the First and Fourteenth Amendments.  As the Court stated in its previous order, the Complaint makes factual allegations against only Defendants S. Gallegos, and Chaplain K. Opatz.  The Court therefore dismissed Sandoval's claims against the other Defendants.  Sandoval now asks the Court to reinstate his claims against Defendant R. Ulibarri.

In the motion, Sandoval makes no new allegations against Ulibarri.  He attaches a number of exhibits that purport to show Ulibarri's involvement in the constitutional violation.  The exhibits are copies of grievance forms and policies.  Ulibarri's signature does not appear on any of the grievance documents.  Ulibarri's name is not mentioned in these grievance documents once.  Furthermore, even if Ulibarri had been involved in the grievance process, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009)(citations omitted).  Sandoval provides no grounds for reinstating his claims against Ulibarri, and the Court will deny his motion.

The Court also notes that notice and waiver-of-service forms for Gallegos and Opatz were returned undelivered, see Return of Notice of a Lawsuit and Request to Waive Service of Summons, filed April 12, 2012 (Doc. 14), Return of Notice of a Lawsuit and Request to Waive Service of Summons, filed April 12, 2012 (Doc. 15), with indications that they no longer work at the facility.  Because Gallegos and Opatz have not waived service, the Court will direct Sandoval to cure the

following if he wishes to pursue his claims against them: **Provide correct addresses for serving Gallegos and Opatz**.  Failure to timely cure these deficiencies may result in dismissal of claims against Gallegos and Opatz without further notice.

   **IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Reconsider Parties to This Action, filed on April 19, 2012 (Doc. 16), is denied; and, within fourteen days from entry of this order, Plaintiff Marcelino Sandoval shall provide addresses for serving Defendants S. Gallegos and Chaplain K. Opatz.

                 _____
                  UNITED STATES DISTRICT JUDGE

*Parties:*

Marcelino Sandoval
Guadalupe County Correctional Facility
Santa Rosa, New Mexico

  *Plaintiff pro se*