# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARCELINO SANDOVAL,

      Plaintiff,

v.                                                                      No. CIV 11-0938 JB/WPL

D.O.C.
LUPE MARTINEZ,
GEO GROUP INC.
SENIOR WARDEN E. BRAVO,[1]

      Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 19, 2015 (Doc. 41)("PFRD"); (ii) Defendants Opatz and Gallegos' Objections to Proposed Findings and Recommended Disposition, filed July 17, 2015 (Doc. 44)("Objections"); (iii) the Defendants' *Martinez* Report and Motion for Summary Judgment, filed December 24, 2014 (Doc. 37)("Defendants' Motion"); and (iv) the Plaintiff's *Martinez* Report and Motion for Summary Judgment, filed January 26, 2015 (Doc. 38)("Plaintiff's Motion"). The primary issues are: (i) whether the Court should adopt

---

[1]The caption of the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 20, 2011 (Doc. 1), appears to identify two entity Defendants, D.O.C. -- the New Mexico Corrections Department -- and G.E.O. Group Inc., and two individual Defendants. The Court's docket contains all four of these names. The "Jurisdiction" section of the Complaint, however, identifies only the two individual Defendants from the caption. The Court construes the caption of the Complaint as naming two Defendants: New Mexico Corrections Secretary Lupe Martinez and GEO Group Inc. Senior Warden E. Bravo. See Memorandum Opinion and Order at 1 n.1, filed November 11, 2012 (Doc. 21).

      The third page of the Complaint identifies four additional individual Defendants: Deputy Warden R. Ullibarri, S. Gallegos, D. Garnano, and Chaplain K. Opatz. In this Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition, the Court treats the four additional individuals as named Defendants.

the PFRD; (ii) whether the Court should deny the Defendants' Motion; and (iii) whether the Court should deny the Plaintiff's Motion.  Because the Court agrees with the Honorable William P. Lynch, United States Magistrate Judge for the District of New Mexico's conclusions, the Court will adopt the PFRD, deny the Defendants' Motion, and deny the Plaintiff's Motion.  The Court will return the case to Judge Lynch for further proceedings.

The PFRD thoroughly laid out the relevant FACTUAL AND PROCEDURAL BACKGROUND.  The Court will not repeat that background here.

## LAW REGARDING SUMMARY JUDGMENT

A court should render summary judgment only if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  "The plaintiff's complaint may . . . be treated like an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury."  Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991)(Logan, J.)(citing Jaxon v. Circle K. Corp., 773 F.2d 1138, 1139 (10th Cir. 1985)(Seymour, J.)).

The United States Court of Appeals for the Tenth Circuit has explained that "[a]n issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."  Thom v. Bristol-Myers Squibb Co., 353 F.3d 848, 851 (10th Cir. 2003)(Kelly, J.).  A fact issue is "material if under the substantive law it is essential to the proper disposition of the claim."  Thom v. Bristol-Myers Squibb Co., 353 F.3d at 851.  Resolution by summary judgment is not appropriate if it requires the district court to make credibility determinations to reach its decision.  See Norton v. City of Marietta, 432 F.3d 1145, 1154 (10th Cir. 2005)(per curiam)("[A] judge may not evaluate the credibility of witnesses in deciding a motion for summary judgment.")(quotation omitted).

"When the pro se plaintiff is a prisoner, a court-authorized investigation and report by prison officials (referred to as a <u>Martinez</u> report) is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims."  <u>Hall v. Bellmon</u>, 935 F.2d at 1109 (citing <u>Martinez v. Aaron</u>, 570 F.2d 317, 318-19 (10th Cir. 1978)(per curiam); <u>Gee v. Estes</u>, 829 F.2d 1005, 1007 (10th Cir. 1987)(per curiam)).  The Tenth Circuit has explained that dismissal of a pro se plaintiff's claim as frivolous is improper if there are disputed factual findings:

> Although a court may consider the <u>Martinez</u> report in dismissing a claim pursuant to § 1915(d) . . . it cannot resolve material disputed factual issues by accepting the report's factual findings when they are in conflict with pleadings or affidavits. <u>Reed v. Dunham</u>, 893 F.2d 285, 287 n.2 (10th Cir. 1990); <u>El'Amin v. Pearce</u>, 750 F.2d 829, 832 (10th Cir. 1983).  A bona fide factual dispute exists even when the plaintiff's factual allegations that are in conflict with the <u>Martinez</u> report are less specific or well-documented than those contained in the report. Because pro se litigants may be unfamiliar with the requirements to sustain a cause of action, they should be provided an opportunity to controvert the facts set out in the <u>Martinez</u> report.

<u>Hall v. Bellmon</u>, 935 F.2d at 1109.  The Tenth Circuit, in <u>Hall v. Bellmon</u>, also explained that, when considering whether summary judgment is appropriate, "[a] <u>Martinez</u> report is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence."  935 F.2d at 1111.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  <u>See</u> FED. R. CIV. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations." Finally, when resolving objections to a Magistrate Judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to the Magistrate Judge's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)(Brown, J.)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[2] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)(Timbers, J.); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)(Jones, J.)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s]

---

[2] 28 U.S.C. §§ 631-639.

adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)(Thompson, J.).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)(McKay, J.)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[3]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard,

---

[3]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A)("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this Circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976); U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate judge's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearing on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  See Jurisdiction of the United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereafter Senate Hearings).  The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)(Baldock, J.)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to

findings and recommendations.")(citations omitted)).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendations, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing."  United States v. Raddatz, 447 U.S. 667, 674 (1980).  "[I]n providing for a '*de novo* determination' rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b); citing Mathews v. Weber, 423 U.S. 261, 275 (1976)).  The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," when conducting a de novo review of a party's timely, specific objections to the Magistrate Judge's report.  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995)(Logan, J.).  "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . . the district court must, at a minimum,

listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987)(per curiam).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet 28 U.S.C. § 636(b)(1)'s requirements when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988)(Seymour, J.). A district court need not, however, "make any specific findings; the district court must merely conduct a de novo review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000)(Holloway, J.). "[T]he district court is presumed to know that de novo review is required. . . . Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(Briscoe, J.)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993)(Brorby, J.). The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they

find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because a district court may place whatever reliance it chooses on a Magistrate Judge's proposed findings and recommendations, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1), as "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," Raddatz, 447 U.S. at 676 (emphasis omitted). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. The Court generally does not, however, "review the PF&RD de novo, because the parties had not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the proposed findings

and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendations to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

Defendants Chaplain K. Opatz and S. Gallegos filed timely objections to the PFRD. The Defendants object solely to Judge Lynch's conclusion that Plaintiff Marcelino Sandoval

appropriately alleged personal involvement on the part of Gallegos in the alleged constitutional violations.  The Defendants argue that Gallegos, as Food Service Manager, did not have the authority to remove Sandoval from his religious diet.  <u>See</u> Defendants' Objections to Proposed Findings and Recommended Disposition, filed July 17, 2015 (Doc. 44).

Sandoval responds that he did not challenge the policy or allege that Gallegos acted within the scope of his authority, but that Gallegos acted outside the scope of his authority. Sandoval again contends, under penalty of perjury, that Gallegos told him he could continue on a Kosher diet if he converted to Judaism.  In support of his response, Sandoval again attached the Inmate Informal Complaint that he filed on May 23, 2011, alleging that Gallegos took him off the Kosher diet because he is a Muslim.  <u>See</u> Plaintiff's Counter to the Objection Made By Defendants Opatz and Gallegos to the Proposed Findings and Recommended Disposition at 6, filed July 30, 2015 (Doc. 45).  There remains a genuine dispute of material fact whether Gallegos actually made this statement, or one like it, to Sandoval.

The Court has reviewed the PFRD under the appropriate standards.  The Defendants object solely on the basis that Gallegos' job description prohibits participation in the alleged constitutional violations.  Sandoval has come forth, however, with sufficient evidence to suggest that Gallegos may have discriminated against Sandoval on the basis of religion, without regard to his job description.  Upon de novo review, the Court concludes that there remains a genuine issue of material fact and summary judgment is inappropriate at this time.  The Court concludes that the remainder of the proposed findings and recommendations to which no party objects are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court will: (i) adopt the PFRD; (ii) deny the Defendants' Motion; (iii) deny Sandoval's Motion; and (iv) return this case to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 19, 2015 (Doc. 41) are adopted by the Court; (ii) the Defendants' Motion for Summary Judgment, filed December 24, 2014 (Doc. 37) is denied; (iii) the Plaintiff's Motion for Summary Judgment, filed January 26, 2015 (Doc. 38) is denied; and (iv) this case is returned to the Magistrate Judge for further proceedings, including a possible evidentiary hearing.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Marcelino Sandoval
Santa Fe, New Mexico

     *Plaintiff pro se*

Joseph P. Turk
April D. White
Yenson, Allen & Wosick, P.C.
Albuquerque, New Mexico

     *Attorneys for Defendants S. Gallegos and Chaplain K. Opatz*